UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CALVIN-OTIS TANKESLY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  1:23-CV-90-TAV-SKL |
| | ) | |
| TN DEPARTMENT OF CORRECTION, | ) | |
| LISA HELTON, | ) | |
| LEE DOTSON, | ) | |
| KENNETH WILLIAMS, | ) | |
| BRETT COBBLE, | ) | |
| KATLIN CAMPBELL, | ) | |
| JAMES HOLLOWAY, | ) | |
| MS. CUPP, | ) | |
| CENTURION OF TENNESSEE, LLC, | ) | |
| STEPHEN WHEELER, | ) | |
| EMMA RICH, | ) | |
| EDWARD MEYDRECH, | ) | |
| ARAMARK CORRECTIONAL | ) | |
| SERVICES, LLC, | ) | |
| WILLIAM SARRELL, | ) | |
| MAGAN MAJORS, | ) | |
| JASON E. MUMPOWER, | ) | |
| SGT. JOHNSON, and | ) | |
| WENDY HENSLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, has filed a pro se complaint for violation of 42 U.S.C. § 1983 in which he seeks to bring a number of claims against multiple Defendants [Doc. 1]. For the reasons set forth below, Plaintiff will have fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth below.

## I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ANALYSIS

Plaintiff's complaint consists of twenty-eight single spaced typed pages containing factual narratives and legal arguments about numerous incidents during his TDOC

confinement [Doc. 1 p. 1–28].  Many of Plaintiff's claims arise out of his allegation that Defendants have failed to accommodate his medical need for a specific diet [*Id.*].  But the redundant and often conclusory and/or ambiguous nature of Plaintiff's relevant complaint allegations, which the Court will now generally summarize, make the complaint unsuitable for the required PLRA screening.

First, under the heading "V. Facts Leading to Present Claim Under *Continuing Violation Doctrine*," Plaintiff sets forth various allegations regarding events from May 2013 and thereafter, including (1) a cancer diagnosis from May 2013; (2) transfers in March 2015, January 2019, and June 2020; (3) attempted transfers in May 2022 and December 2022; (4) loss of personal property, and (5) a classification issue [*Id.* at 9–10]. Next, under the heading "VI. Cause of Action," Plaintiff presents factual allegations relating to many different incidents, including (1) retaliatory transfers "[b]etween March 2015 and February 2023"; (2) denial of his medical diet in 2021 and thereafter; (3) denials of medical and dental care; (4) destruction and denial of his property; (5) denials of sufficient clothing and hygiene products; (6) denial of a Bible; and (7) breach of contract [*Id.* at 11–17].  Plaintiff then includes a heading labeled "VII. Facts Supporting Claims," under which he sets forth legal arguments and conclusions regarding numerous factual allegations, including (1) denial of his medical diet during trips to a special needs facility; (2) an attempted retaliatory transfer; (3) confiscation of his Bible and other property during trips to a special needs facility; (4) certain Defendants' failure to change Plaintiff's diet after a radiologist told Plaintiff that "Clear Ensure" was entering his windpipe;

3

(5) a disciplinary proceeding that caused denial and destruction of Plaintiff's property; and (6) cell assignments with inmates who smoke rat poison [*Id.* at 17–21]. Lastly, under the heading "VIII. Argument in Support," Plaintiff sets forth arguments related to (1) his medical diet; (2) denial of dental care; and (3) TDOC medication policies [*Id.* at 22–26]. Moreover, in addition to the extensive factual and legal allegations in the body of complaint, the complaint contains fifty-four footnotes, some of which contain substantive allegations [*Id.* at 1–26 n.1–54].

In short, Plaintiff's lengthy complaint contains extensive and redundant factual and legal allegations, some of which are also conclusory. And while Plaintiff clearly states that some of his allegations support a § 1983 claim against a Defendant or multiple Defendants, it is not always clear from the complaint whether Plaintiff seeks to hold any Defendant(s) liable under § 1983 for a factual allegation, or whether he is providing the factual allegation as background. Also, many of Plaintiff's allegations are undated, and the length and repetitive nature of Plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) (providing pleading must contain "short and plain statement of the claim showing that the pleader is entitled to relief").

Further, it appears that some of Plaintiff's claims in his complaint are unrelated and against different Defendants. However, such claims are not properly joined in this action under Rule 20(a)(2). Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to

4

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit).

Accordingly, the Court declines to screen Plaintiff's complaint under the PLRA and will instead allow Plaintiff fifteen (15) days from the date of entry of this order to file an amended complaint with numbered claims listing each alleged violation of his

5

constitutional rights, in support of which he shall set forth a **short** and **plain** statement of facts and the entity(ies) and/or individual(s) he seeks to hold responsible under § 1983.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 1];

4. Also, Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

6

Case 1:23-cv-00090-TAV-SKL   Document 8   Filed 08/03/23   Page 6 of 7   PageID #: 69

diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE