UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CALVIN-OTIS TANKESLY, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-90-TAV-SKL |
| | ) | |
| CENTURION OF TENNESSEE, LLC, | ) | |
| EMMA RICH, EDWARD | ) | |
| MEYDRECH, WILLIAM SARRELL, | ) | |
| and MAGAN MAJORS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se lawsuit for violation of 42 U.S.C. § 1983 that proceeded as to various claims arising out of Plaintiff's confinement in the Bledsoe County Correctional Complex [Doc. 17, p. 31]. Plaintiff is now deceased [Doc. 61]. Now before the Court is a motion from Plaintiff's son, Calvin Otis Tankesly III ("Tankesly III"), seeking to join this matter as the "Estate of Calvin Otis Tankesly Jr." with himself as "the Party acting on behalf of" the estate, the style of which lists Tankesly III and the "Estate of Calvin Otis Tankesly Jr." as Plaintiffs [Doc. 62, p. 1]. As Tankesly III has not filed the required documents indicating that he may join this action despite the Court providing him substantial time to do so, this motion [Doc. 62] will be **DENIED**, this action will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 25(a)(1), and Defendants' pending motions [Docs. 70, 75] will be **DENIED as moot**.

On April 4, 2025, Defendants filed a suggestion of death regarding Plaintiff, which they also provided to Tankesly III [Doc. 61]. Rule 25(a)(1) of the Federal Rules of Civil

Procedure provided Tankesley III with 90 days to file a motion for substitution of himself as Plaintiff herein and states that the Court must dismiss the case in the absence of such a motion. While the record demonstrates that Tankesly III timely filed a motion to join this action [Doc. 62], Defendants pointed out in their response to that motion that it was not accompanied by the "letters of administration or letters testamentary" indicating that Tankesly III could proceed herein as representative of Plaintiff's estate, and it was therefore insufficient to allow the Court to permit him to proceed herein as the representative of Plaintiff's estate under Tennessee law [Doc. 62; Doc. 63, p. 3; Doc. 66]. *See* Tenn. Code Ann. § 30-1-101.

Accordingly, on June 30, 2025, the Court entered an order allowing Tankesly III 14 days to show good cause as to why the Court should not dismiss this action due to his failure to file documents indicating that he may properly proceed herein as the representative of his deceased father's estate and noting that if he failed to do so, the Court would dismiss this action without further notice [Doc. 66].

On July 10, 2025, Tankesley III signed a motion seeking a 60-day extension of this 14-day deadline [Doc. 67]. In support of this request, Tankesley III stated that on July 16, 2025, he would mail the Bledsoe County Chancery Court a petition requesting that he be named representative of Plaintiff's estate for purposes of prosecuting this action, a copy of which he attached to his motion [Doc. 67, pp. 1–2; Doc. 67-1].

On September 18, 2025, the Court granted Tankesly III's motion for extension to the extent that it provided him 30 days from the date of entry of that order to file the

required documents [Doc. 71].  In granting this extension, the Court notified Tankesly III that if he did not timely file the required documents, the Court would dismiss this action without further notice [*Id.* at 5].  While the record demonstrates that Tankesly III received this order more than 30 days ago,[1] he has not filed the required documents, nor has he sought an extension of time to do so.

As Tankesly III effectively sought to step into the role of plaintiff in this matter, the Court will apply Rule 41(b), which gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b), to determine whether to deny Tankesly III's motion to join this action due to his failure to timely comply with the Court's prior order, which will result in dismissal of this case pursuant to Rule 25(a)(1).  *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

---

[1] While the docket sheet indicates that the Clerk mailed this order to Tankesly III on September 18, 2025, and October 14, 2025, the United States Postal Service returned the mail containing that order and addressed to Plaintiff, who is deceased, as undeliverable [Docs. 72, 73].  Accordingly, to ensure that Tankesly III received the order, the Clerk sent that order to him via express mail on November 12, 2025 [Doc. 74].  As that mail has not been returned to the Court, it is apparent that Tankesly III received it.

3

>    (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Tankesly III's failure to timely comply with the Court's order is due to his willfulness or fault, as it appears that Tankesly III received the Court's prior order but did not comply or seek an extension of time to do so. As to the second factor, Tankesly III's failure to comply with the Court's previous order has prejudiced Defendants, as trial of this case is rapidly approaching, and various pretrial deadlines, including those for discovery and dispositive motions, passed during the delay [Doc. 64]. As to the third factor, as noted above, the Court notified Tankesly III that failure to timely comply with its previous order would result in dismissal of this action [Doc. 71, p. 5]. Finally, as to the fourth factor, alternative sanctions are not warranted, as the Court has granted Tankesly III lengthy extension of the Rule 25(a)(1) 90-day deadline, but he has failed to comply with the Court's clear instructions or seek an extension of time to do so, and it does not appear that he intends to proceed with his motion. On balance, the Court finds that these factors support dismissal of this action.

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Tankesly III's pro se status prevented him from complying

with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Tankesly III's motion to join this action [Doc. 62] is **DENIED** for want of prosecution and failure to comply with a Court order, and this action will be **DISMISSED** pursuant to Rule 25(a)(1). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
